## WESTERN UNION TELEGRAPH CO. v. SHAW.

### No. 2369.

Court of Civil Appeals of Texas.

July 9, 1943.

For former opinion, see 173 S.W.2d 335.

Conner & Conner, of Eastland, for appellant.

Turner & Seaberry, of Eastland, for appellee.

FUNDERBURK, Justice.

Both parties have filed motions for rehearing. It is believed that all material questions have been sufficiently discussed in the original opinion, except those upon two points made by appellee relating to the cause of action asserted in behalf of Mrs. R. L. Shaw. We are further of the view that the opinion embodies a sufficient statement of our conclusions of facts, as well as of law.

Appellee says: "The first transaction was *more* than mere notification to Mr. and Mrs. Shaw of the 'birth of a boy'. The transaction concerned a '4½ pound' boy." It is argued that it is only in recent years, "since the invention of incubators, that babies weighing no more than 4½ pounds at birth ever survived. Even now their chances of survival are only about 50-50." (S.F. 36.)

"Thus", they say, "the first transaction was no different from one notifying Mr. and Mrs. Shaw of the *serious illness* of a newly born baby grandchild," etc. (Italics appellee's.)

This argument, in our opinion, lacks sufficient support in the record. The statement of facts reference was to testimony of R. L. Shaw showing that he had information by telephone concerning the condition of the baby—that it had been born prematurely and had had a heart attack, and that a nurse to whom he talked over the telephone said the baby had a 50-50 chance, and that "they had it in the incubator." The question is, did the specification in the telegram of the baby's weight of 4½ pounds alone constitute notice to the defendant equivalent to notice that the baby was seriously ill and not expected to live? The question may be otherwise stated thus: Is it a matter of common knowledge that a baby weighing only 4½ pounds at birth should from the fact of its weight alone be not expected to survive? We seriously question whether such a fact is recognized by the medical and nursing professions; but even if so, that is not decisive of the question. Common knowledge is the most usual basis of judicial knowledge. Whether a fact is one of common knowledge is usually decisive of the further question of whether it is a fact of judicial knowledge. The courts cannot take judicial notice of such facts as are known, if at all, only by a specially informed class of persons. Lickfett v. Jorgenson, 179 Minn. 321, 229 N.W. 138.

In our opinion the alleged fact, if a fact, is not one of common knowledge such as it would be required to be in order to affect the defendant, under the circumstances of the case, with the notice insisted upon by appellee.

We are inclined to think we were in error in rendering judgment as relating to the cause of action asserted in behalf of Mrs. Shaw. We overlooked the fact, as called to our attention in appellee's brief that Jack Shaw could not attend the trial because of a storm, and that plaintiff's pleading alleged that Jack Shaw gave verbal notice apprising defendant of the interest of Mrs. Shaw.

The motion of appellee is granted to the extent that the case, as affecting the interest of Mrs. Shaw, is remanded for future proceedings, instead of judgment being rendered.

In other respects both motions are overruled.